BAER ROSENBERG, Plaintiff, v. MEYER FREEMAN et al.,
Defendants.

*Supreme Court, First Department, General Term, May 25, 1889.*

*Taxes and assessments.*—Where an owner of a portion of the property abutting upon an alleyway pays a part of the amount of the assessment levied upon said alley, which payment is credited generally on the whole assessment without apportionment, the unpaid balance of the tax remains a lien upon the whole of the alleyway.

Agreed case upon controversy submitted without actions.

*G. & H. Levy*, for appellant.

*M. S. Isaacs*, for respondent.

VAN BRUNT, P. J.—On the 1st of July, 1887, the defendant, Meyer Freeman, was the owner in fee of certain premises in the city of New York, and on that day entered into a contract in writing for the sale of the property. Ap-

purtenant to said property was an easement in an alley, in common with the owners of other lots abutting upon the alley. Two assessments were, in 1873, levied by the municipal authorities upon the alleyway described in said contract, which assessments were claimed to be valid liens upon said alleyway. The Mechanics and Traders' Fire Insurance Company, in the year 1883, were the owners of the premises described in the contract, and in February of that year, for the purpose of discharging the lien of said assessment on the one-third part of said alleyway, adjoining said premises owned by it, paid to the comptroller of the city of New York a sum of money equal to one-third of the whole assessment on said alley, and received certain receipts therefor from the clerk of arrears. The said Mechanics and Traders' Insurance Company made an application to the comptroller for an apportionment of the assessment, apportioning the same upon the part of the alley abutting upon the lot owned by it. There was a paper made, only purporting to apportion the assessment, which, however, was never signed by the comptroller.

The money was received and subsequently credited as a payment on account of the whole of said assessment, so that the books show that the undivided two-thirds of said assessment are still liens upon the whole of said alleyway. The plaintiff objected to the title of said premises by reason of the alleged lien of the residue of said assessment, and the defendants in consideration of the plaintiff's accepting the title to, and completing the purchase of said premises with said apparent lien outstanding, made and delivered to the plaintiff their promissory note for $130. A writing was simultaneously executed and delivered, stating that the note was received as security against an alleged claim by reason of the unpaid assessment, and in accordance with an agreement to be made between the grantor of the premises and the plaintiff as to the question raised by such assessment, the manner of such adjudication or other settlement to be

arranged by the respective counsel. The title to the premises was accepted by the plaintiff, and the purchase thereof completed ; the deed containing a general warranty and assuring to the plaintiff the fee simple to said premises and the use of said alleyway, free from incumbrances except certain mortgages. When the note became due and payable it was duly presented and payment thereof demanded, but the defendants refused to pay the same on the ground that there was a failure of consideration, the assessments being no longer liens upon said alley by reason of the payment of the one-third part thereof to the city of New York. The plaintiff demanded judgment for the recovery of $130, the amount of said note with interest.

The question is whether a recovery may be had upon this note.

It is claimed upon the part of the defendants that because there has been a payment on account of said assessment, that therefore one-third of the premises were discharged from the payment of the assessment, and a sale of the other two-thirds cannot be had. The difficulty with this proposition is that the facts do not bear out the contention. The assessment was never actually apportioned, neither was any part of the premises relieved from the payment of the two-thirds remaining unpaid of the assessment. The money received by the comptroller was credited upon the whole assessment, leaving two-thirds of the assessment still unpaid as to the whole alleyway.

The case of Jordan *v.* Hyatt (3 Barb. 275) is therefore not in point. That case simply held that the undivided half of a lot cannot be sold to pay an assessment. In the case at bar the whole lot was subject to the lien of that portion of the assessment which remained unpaid, no part thereof being discharged.

Under these circumstances a recovery upon the note could not certainly be had because of the breach of the condition

upon which it was given. The plaintiff should therefore have judgment for $130 and costs.

CULLEN, J., concurs.